UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> JOSE DEL REFUGIO RUBALCABA SANDANA, aka JOSE LUIS RUBALCABA, individually and dba EL ATORON BILLARDS, <br><br> Defendant. | Case No.: 1:13-cv-00842 - LJO - JLT <br><br> ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES <br><br> (Doc. 10) |

Plaintiff J & J Sports Productions, Inc. ("Plaintiff") seeks to strike the affirmative defenses asserted by defendant Jose Del Refugio Rubalcaba Sandana, also known as Jose Luis Rubalcaba, individually and doing business as El Atoron Billards ("Defendant"). (Doc. 10). Defendant did not oppose the motion, and the Court took the matter under submission pursuant to Local Rule 230(g) on October 9, 2013. (Doc. 12). For the following reasons, Plaintiff's motion to strike is **GRANTED**.

I.  **Factual and Procedural History**

Plaintiff alleges the company possessed the exclusive commercial distribution rights to *Manny Pacquiao v. Timothy Bradley, WBO Welterweight Championship Fight Program* ("the Program), which was broadcast on June 9, 2011. (Doc. 1 at 4). On May 31, 2013, Plaintiff initiated this action by filing a complaint, alleging Defendant intercepted the Program signal and displayed it at El Atoron Billards without purchasing a sublicense from Plaintiff. *Id.* at 3. Therefore, Plaintiff asserts Defendant violated

1

the Communications Act of 1934 and the Cable & Television Consumer Protection and Competition Act of 1992 ("the Cable Act"). *Id.* at 4-6. Also, Plaintiff contends Defendant is liable for the tort of conversion and a violation of California Business and Professions Code, Section 17200. *Id.* at 7-8.

On August 27, 2013, Defendant filed his answer to Plaintiff's complaint, in which he asserted eight affirmative defenses, and reserved "the right to add additional affirmative defenses if and to the extent such affirmative defenses are applicable to this action." (Doc. 8 at 5-6). Plaintiff seeks to strike Defendant's affirmative defenses and the reservation clause. (Doc. 10).

## II.     Legal Standards

Rule 8 of the Federal Rules of Civil Procedure requires a party responding to a pleading to "state in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(b)(1). Further, responding parties are instructed to "state any avoidance or affirmative defense, including: accord and satisfaction; assumption of risk; contributory negligence; duress; estoppel; failure of consideration; fraud; illegality; injury by fellow servant; laches; license; payment; release; res judicata; statute of frauds; statute of limitations; and waiver." Fed. R. Civ. P. 8(c).

The Court may strike "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" from a pleading, either on the Court's own motion or by motion of a party. Fed. R. Civ. P. 12(f). A defense may be "insufficient" as a matter of pleading or as a matter of law. *See Security People, Inc. v. Classic Woodworking, LLC*, 2005 U.S. Dist. LEXIS 44641, at *5 (N.D. Cal. Mar. 4, 2005) (citing *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979); *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982)). A defense is insufficiently pled if it fails to give "fair notice" of the defense, and is insufficient as a matter of law when there are no questions of fact or law, and the defense would not succeed under any circumstances. *Wyshak*, 607 F.2d at 827; *SEC v. Sands*, 902 F. Supp. 1149, 1165 (C.D. Cal. 1995) (citations omitted). Further, a defense may be stricken as immaterial if it "has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (citations omitted), *rev'd on other grounds*, 510 U.S. 517 (1994); *see also* Fed. R. Civ. P. 12(f).

The purpose of a motion to strike under Rule 12(f) "is to avoid the expenditure of time and money that must arise from litigating spurious issues." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d

880, 885 (9th Cir. 1983).  However, motions to strike affirmative defenses "are disfavored and infrequently granted." (*Neveau v. City of Fresno*, 392 F. Supp. 2d 1159, 1170 (E.D. Cal. 2005).  The Court "must view the pleading under attack in the light more favorable to the pleader." *Garcia ex rel. Marin v. Clovis Unified School Dist.*, 2009 WL 2982900, at *23 (E.D. Cal. Sept.14, 2009) (internal citation omitted).  Even if a court strikes an affirmative defense, leave to amend should be freely given where the opposing party will not be prejudiced given the strong policy favoring resolution of cases "on the proofs rather than the pleadings."  *Rennie & Laughlin, Inc. v. Chrysler Corp.*, 242 F.2d 208, 213 (9th Cir. 1957); *Wyshak*, 607 F.2d at 827.

### III.  Discussion and Analysis

    **A.**  **First Affirmative Defense:**  "The complaint fails to state a claim upon which relief can be granted."  (Doc. 8 at 5).

Plaintiff contends this is not an affirmative defense, because Defendant is merely pointing to a purported defect in the complaint.  (Doc. 10 at 5) (citation omitted).  Previously, this Court explained that proper "[a]ffirmative defenses plead matters extraneous to the plaintiff's prima facie case, which deny plaintiff's right to recover, even if the allegations of the complaint are true."  *Federal Deposit Ins. Corp. v. Main Hurdman*, 655 F. Supp. 259, 262 (E.D. Cal. 1987).  In contrast, "an assertion that the [plaintiff] cannot prove the elements of [its] claim" is not a proper affirmative defense.  *Solis v. Couturier*, 2009 U.S. Dist. LEXIS 63271, at * 8-9 (E.D. Cal. July 8, 2009).  Likewise, that the plaintiff failed to state a claim "is an assertion of a defect in Plaintiff's prima facie case, not an affirmative defense." *Joe Hand Promotions, Inc. v. Estrada*, 2011 U.S. Dist. LEXIS 61010, at *5 (E.D. Cal. June 8, 2011); *see also Boldstar Tech., LLC v. Home Depot, Inc.*, 517 F. Supp. 2d 1283, 1291 (S.D. Fla. 2007) ("Failure to state a claim is a defect in the plaintiff's claim; it is not an additional set of facts that bars recovery notwithstanding the plaintiff's valid prima facie case").  Therefore, Defendant's first affirmative defense for "failure to state a clause of action" is **STRICKEN**.

    **B.**  **Second Affirmative Defense:**  "The complaint, and each and every cause of action contained therein, is barred by the applicable statute of limitation as they may apply."  (Doc. 8 at 5).

Plaintiff alleges the unlawful broadcast occurred on June 9, 2012 (*see* Doc. 1 at 3), and initiated this action on May 31, 2013.  A one year-statute of limitations applies to claims arising under

47 U.S.§§ 554 and 605.  *DirectTV v. Webb*, 545 F.3d 837, 847-48 (9th Cir. 2008).  Under California law, the statute of limitations is three years for a claim of conversion, and four years for violations of California Business and Professions Code Section 17200.  Cal. Code Civ. Proc. § 338(c); Cal. Bus. & Prof. Code § 17208.  Because the complaint was filed within the statutes of limitations, Defendant's second affirmative defense is **STRICKEN**.

  **C.** **Third Affirmative Defense (Estoppel):**  "By virtue of Plaintiff's conduct both before and after [the] alleged discovery of the acts underlying the Complaint, Plaintiff is estopped from asserting any claims against the Defendant."  (Doc. 8 at 5).

Plaintiff argues this affirmative defense "fails to provide fair notice because [Defendant] does not indicate which estoppel defense []he is asserting (e.g. judicial estopped, collateral estoppel, equitable estoppel)."  (Doc. 10 at 7) (citing *J & J Sports Productions, Inc. v. Montanez,* 2010 U.S. Dist. LEXIS 137732, (E.D. Cal. Dec. 13, 2010)).  The Court agrees Defendant has not explained the applicability of the doctrine of estoppel, and the defense is insufficiently pled.  Thus, Defendant's third affirmative defense is **STRICKEN**.

  **D.** **Fourth Affirmative Defense (Waiver):**  "The plaintiff intentionally and voluntarily relinquished or surrendered a known right, benefit or advantage in connection with one or more of the causes of action set forth in the complaint and the facts underlying each of those causes of action."  (Doc. 8 at 5).

Waiver is an "intentional relinquishment or abandonment of a known right."  *United States v. Perez*, 116 F.3d 840, 845 (9th Cir. 1997).  Here, there is no indication in Defendant's answer that Plaintiff engaged in activity that might constitute a waiver of known rights.  Without supporting factual allegations, Defendant's assertion that the doctrine of waiver is applicable is insufficient to provide fair notice.  *See J & J Sports Prods., Inc. v. Nguyen*, 2012 U.S. Dist. LEXIS 51641, at *4 (N.D. Cal. Mar. 22, 2012) (finding an affirmative defense insufficient where the defendant "does not provide any supporting facts, making it impossible for Plaintiff to ascertain the basis for the affirmative defense[]").  Accordingly, the fourth affirmative defense is **STRICKEN**.

  **E.** **Fifth Affirmative Defense (Laches):**  "The loss or damages, if any, sustained by plaintiff herein are barred by the doctrine of Laches."  (Doc. 8 at 6).

As explained by the Ninth Circuit, "Laches is an equitable time limitation on a party's right to bring suit."  *Kling v. Hallmark Cards, Inc.*, 225 F.3d 1030, 1036 (9th Cir. 2000).  To establish the

doctrine is applicable, a defendant must show "both an unreasonable delay by the plaintiff and prejudice to itself." *Id.* (quoting *Couveau v. American Airlines*, 218 F.3d 1078, 1083 (9th Cir. 2000)).

Notably, there is a "strong presumption" that laches does not apply when an action is filed within the appropriate statute of limitations period. *Jarrow Formulas, Inc. v. Nutrition Now, Inc.*, 304 F.3d 829, 835 (9th Cir. 2002). Here, as discussed above, Plaintiff initiated this action within the applicable statutes of limitations. Because Defendant has not alleged facts to demonstrate Plaintiff unreasonably delayed in commencing this action, his answer fails to overcome the presumption that the doctrine is not applicable. Further, Defendant does not allege prejudice resulted due to the delay in filing. Accordingly, fifth affirmative defense is insufficiently pled, and is **STRICKEN**.

    **F.**    **Sixth and Seventh Affirmative Defenses:** Defendant lacked the required intent to willfully violate 47 U.S.C. §§ 553 and 605 and "the actions respecting the subject matter alleged in the Complaint were undertaken in good faith, with the absence of a willful and malicious intent t[o] injure plaintiff, and constitute lawful, proper and justified means to further Defendant's purpose." (Doc. 8 at 6).

The Communications Act and the Cable Act do not require a defendant to have knowledge that his conduct amounted to a violation. *See International Cablevision, Inc. v. Sykes*, 997 F. 2d 998, 1004 (2d Cir. 1993). Instead, if "the violator was not aware and had no reason to believe that his acts constituted a violation of this section, the court in its discretion may reduce the award of damages..." 47 U.S.C. § 553(c)(3)); 47 U.S.C. § 605(e)(3)(C)(iii). Accordingly, Defendant's alleged lack of intent and good faith is immaterial to these claims. *See J & J Sports Prods. v. Jimenez*, 2010 U.S. Dist. LEXIS 132476, at *7-8 (S.D. Cal. Dec. 15, 2010) (striking the defendant's "good faith" defense as immaterial because "intent is unnecessary in determining the existence of a violation" of 47 U.S.C. §§ 553, 605).

Similarly, "questions of the defendant's good faith, lack of knowledge, motive, or intent are not relevant" to a claim of conversion, which is a strict liability tort under California law. *Gilman v. Dalby*, 176 Cal.App.4th 606, 615 n.1 (2009); *see also Greka Integrated, Inc. v. Lowrey*, 133 Cal. App. 4th 1572, 1581 (2005). Accordingly, Defendant's intent is immaterial to Plaintiff's claim for conversion.

Finally, to succeed on a claim for a violation of the Unfair Practices Act, Plaintiff must demonstrate "an unlawful, unfair, or fraudulent business or practice." Cal. Bus. & Prof. Code § 17200. The Unfair Practices Act encompasses "anything that can properly be called a business practice and that at the same time is forbidden by law." *Barquis v. Merchants Collection Ass'n.*, 7 Cal. 3d 94, 113

(1972). Therefore, to succeed on this claim, Plaintiff must demonstrate the elements of one of the other causes of action have been satisfied, and Defendant's good faith remains immaterial.

Because the lack of intent and good faith are not relevant to the elements of claims in the complaint, the defenses would not succeed under any circumstances and are insufficient as a matter of law. Accordingly, Defendant's sixth and seventh affirmative defenses are **STRICKEN**.

  **G.** <u>**Eighth Affirmative Defense**</u>**:** "The act or acts complained of were not performed by the Defendant or by a duly authorized agent of [t]he Defendant." (Doc. 8 at 6).

Plaintiff argues this should be stricken because it is "a denial of an element of Plaintiff's causes of action (to wit, causation)." (Doc. 10 at 10) (citing *Zivkovic v. Southern Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002)). A denial of allegations in the complaint is not the proper subject of an affirmative defense. *Joe Hand Promotions v. Davis*, 2012 U.S. Dist. LEXIS 145402, at *10-11 (N.D. Cal. Oct. 9, 2012). However, "[d]enials that are improperly pled as defenses should not be stricken on that basis alone." *J & J Sports Prods. v. Delgado*, 2011 U.S. Dist. LEXIS 9013, at *5 (E.D. Cal. Jan. 19, 2011).

Given the conclusory nature of Defendant's Answer, which does not reference third parties beyond this assertion, the Court cannot find factual allegations support this affirmative defense. *See J & J Sports Prods. v. Gidha*, 2012 U.S. Dist. LEXIS 20427, at *10 (E.D. Cal. Feb. 17, 2012). Accordingly, Defendant's eighth affirmative defense is insufficiently pled, and is **STRICKEN**.

  **H.** <u>**Ninth Affirmative Defense**</u>**:** "The complaint is stated in conclusory terms and therefore, there may be affirmative defenses that are not discernible from the present state of the pleadings. Accordingly, Defendant reserves the right to add additional affirmative defenses if and to the extent such affirmative defenses are applicable to this action." (Doc. 8 at 6)

Importantly, as Plaintiff observes, "[a]n attempt to reserve affirmative defenses for a future date is not a proper affirmative defense in itself." *Solis v. Zenith Capital, LLC*, 2009 U.S. Dist. LEXIS 43350, at *19 (N.D. Cal. May 8, 2009). (citation omitted). Rather, if a defendant seeks to add affirmative defenses at a later date, the defendant "must comply with Rule 15 of the Federal Rules of Civil Procedure." *Id.*; *see also Wyshak,* 607 F.2d at 826-27. Thus, Defendant's reservation clause is not a proper affirmative defense and is **STRICKEN**.

///

## IV. Conclusion

The affirmative defenses asserted by Defendant appear to be boilerplate defenses that lack factual support and fail to provide Plaintiff with fair notice. Rather, the affirmative defenses are legal conclusions and theories, many of which are inapplicable to the causes of action alleged in the complaint.

Significantly, it does not appear many of the deficiencies identified above may be cured by amendment. However, leave to amend the answer will be given because it does not appear Plaintiff will suffer any prejudice. *See Rennie & Laughlin*, 242 F.2d at 213; *Wyshak*, 607 F.2d at 827.

Accordingly, **IT IS HEREBY ORDERED**:

1. As to the Third, Fourth, Fifth and Eighth Affirmative Defenses, Plaintiff's motion to strike is **GRANTED WITH LEAVE TO AMEND**. Defendant may file an amended answer within twenty-one days of the date of service of this order;
2. As to First, Second, Sixth, Seventh, and Ninth Affirmative Defenses, the motion is **GRANTED WITHOUT LEAVE T**O **AMEND.**
3. If Defendant does not amend within this time period, the answer will stand with all the affirmative defenses stricken.

IT IS SO ORDERED.

Dated:   **October 9, 2013**              **/s/ Jennifer L. Thurston**
                                                              UNITED STATES MAGISTRATE JUDGE